**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

JUDELL WALKER

                Plaintiff,

v.                                            Case No. 2:25-cv-01308-LA

CITY OF MILWAUKEE,
MILWAUKEE POLICE DEPARTMENT DISTRICT 5,
SHERONDA D. GRANT, JEREMIAH C. JACKS,
ADRIANNA LAMACK, and JOHN DOE DEFENDANTS

                Defendants.

---

**THE CITY OF MILWAUKEE, MILWAUKEE POLICE DEPARTMENT DISTRICT 5, SHERONDA D. GRANT, JEREMIAH C. JACKS, ADRIANNA LAMACK, AND JOHN DOE DEFENDANTS' ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES**

---

**NOW COME** the City of Milwaukee, Milwaukee Police Department District 5, Sheronda D. Grant, Jeremiah C. Jacks, Adrianna Lamack, and the John Doe Defendants (collectively referred to as the "Defendants") by their attorneys, City Attorney Evan Goyke and Assistant City Attorneys Matteo Reginato and Joshua Cronin, and hereby provide the following Answer and Affirmative Defenses to Plaintiff's Complaint (Dkt. No. 1):

## A. PARTIES

A1. Answering Paragraph A1 of the Plaintiff's Complaint, the Defendants deny knowledge or information sufficient to form a belief as to the truth of Paragraph A1 and therefore deny the same.

A2. Answering Paragraph A2 of the Plaintiff's Complaint, the Defendants admit that District 5 of the Milwaukee Police Department is located at 2920 N. Vel R. Phillips Avenue

Milwaukee, WI 53212, but deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph A2 and therefore deny the same. As further answer, deny that any of the Defendants violated any of the Plaintiff's rights under the Constitution of the United States or otherwise violated any other state or federal law.

### B. STATEMENT OF CLAIM

B1–5. Answering Paragraphs B1–5 of the Plaintiff's Complaint, the Defendants admit that, on August 26, 2022, the Plaintiff was arrested by the Milwaukee Police Department and was detained until August 30, 2022, but deny the remaining allegations of Paragraphs B1–5 and specifically deny that any of the Defendants violated any of the Plaintiff's rights under the Constitution of the United States or otherwise violated any other state or federal law.

### COUNT I - FOURTEENTH AMENDMENT (PRETRIAL DETAINEE): CONDITIONS OF CONFINEMENT I BASIC NEEDS

Answering Count I of the Plaintiff's Complaint, the Defendants deny the allegations of Count I and specifically deny that any of the Defendants violated any of the Plaintiff's rights under the Constitution of the United States or otherwise violated any other state or federal law.

### COUNT II- SIXTH AND FOURTEENTH AMENDMENTS: DENIAL OF ACCESS TO COUNSEL/PHONE & PROCEDURAL PROTECTIONS

Answering Count II of the Plaintiff's Complaint, the Defendants deny the allegations of Count II and specifically deny that any of the Defendants violated any of the Plaintiff's rights under the Constitution of the United States or otherwise violated any other state or federal law.

### COUNT III - *MONELL* LIABILITY (CITY OF MILWAUKEE)

Answering Count III of the Plaintiff's Complaint, the Defendants deny the allegations of Count III and specifically deny that any of the Defendants violated any of the Plaintiff's rights under the Constitution of the United States or otherwise violated any other state or federal law.

## C. JURISDICTION

Answering Paragraph C of the Plaintiff's Complaint, admit the Plaintiff is bringing his claims under 28 U.S.C. § 1331; however, deny that any of the Defendants violated any of the Plaintiff's rights under the Constitution of the United States or otherwise violated any other state or federal law.

## D. RELIEF WANTED

Answering Paragraph D of the Plaintiff's Complaint, admit the Plaintiff is seeking such relief; however, deny that the Plaintiff is entitled to such relief and deny that any of the Defendants violated any of the Plaintiff's rights under the Constitution of the United States or otherwise violated any other state or federal law.

## AFFIRMATIVE DEFENSES

The Defendants hereby submit the following affirmative defenses to Plaintiff's Complaint:

1. The injuries and damages sustained by Plaintiff, if any, were caused in whole or in part by his own actions or omissions, his failure to mitigate, or a combination of such;

2. The injuries and damages sustained by Plaintiff, if any, were caused in whole or in part by the acts or omissions of persons other than the Defendants;

3. The Complaint contains claims that fail to state a claim upon which relief may be granted as against the Defendants;

4. As to one or more of the Defendants, the Plaintiff has failed to obtain jurisdiction over them by virtue of deficient or untimely service of process and/or insufficient process and/or noncompliance with Fed. R. Civ. P. 4(m);

5. The Plaintiff's claims are barred, at least in part, by the applicable statute of limitations;

6. The Plaintiffs' claims may be subject to the limitations and requirements of the Prison Litigation Reform Act, including, but not limited to, the exhaustion requirements and the limitations on relief available;

7. The injuries and/or damages sustained by the Plaintiff, if any, may be the result of an intervening and/or superseding cause preventing Plaintiff from obtaining a right of recovery against the Defendants;

8. Any/all Wisconsin state law claims are subject to the prerequisites, limitations and immunities contained within Wis. Stat. § 893.80 including, but not limited to, notice requirements and damages caps;

9. The Defendants are immune from suit under common law and statutory immunities and privileges, including discretionary immunity and qualified immunity

10. Any claim for punitive damages is not supported by the facts of this case, statutory and common law requirements for recovery of such damages nor the Constitution's limitations on such damages including the due process clause and excessive fines clause;

11. The acts of the Defendants were in good faith, privileged, justified, and not motivated by malice, recklessness or intent to harm;

12. The Plaintiff may have failed to name indispensable and necessary parties including, but not limited to, medical care professionals or entities and subrogated parties;

13. The Defendants incorporate the affirmative defenses of all co-defendants to the extent that they are applicable to them; and

14. The Defendants reserve the right to amend this Answer to assert additional defenses as discovery proceeds.

**WHEREFORE**, the Defendants respectfully request judgment as follows:

a. For a dismissal of the Plaintiff's Complaint upon its merits;

b. For the costs and disbursements of this action;

c. For reasonable actual attorneys' fees pursuant to 42 U.S.C. § 1988; and

d. For such other relief as this Court deems just and equitable.

**THE DEFENDANTS REQUEST A TRIAL BY JURY**

Dated and signed at Milwaukee, Wisconsin 25th day of November, 2025.

**EVAN C. GOYKE**
City Attorney

*s/ Matteo Reginato*
MATTEO REGINATO
Assistant City Attorney
State Bar No. 1089724
JOSHUA B. CRONIN
Assistant City Attorney
State Bar No. 1064324
*Attorneys for Defendants*
*City of Milwaukee, Milwaukee Police Department District 5, Sheronda D. Grant, Jeremiah C. Jacks, Adrianna Lamack, and the John Doe Defendants*

P.O. ADDRESS:
800 City Hall
200 East Wells Street
Milwaukee, WI 53202
(414) 286-2601
Email: mreginato@milwaukee.gov
jbcronin@milwaukee.gov

2025-002047/